**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GENGHIS KHAN ALI STEVENSON, | No. 13-56450 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00103-LAB-WVG |
| v. | |
| GREGORY BLAKE, Caliptria State Prison Locksmith, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Genghis Khan Ali Stevenson, a California state prisoner, appeals pro se from

the district court's judgment following a jury trial in his 42 U.S.C. § 1983 action

alleging deliberate indifference to his safety.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review for an abuse of discretion, *Mueller v. Auker*, 700 F.3d 1180, 1193 (9th Cir. 2012) (denial of a motion for a new trial); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011) (discovery sanctions), and we affirm.

The district court did not abuse its discretion in denying Stevenson's motion for a new trial because Stevenson failed to establish that defense counsel committed misconduct, and therefore did not present any basis for a new trial. *See Mueller*, 700 F.3d at 1193-94 ("The district court's denial of a motion for a new trial is reversible only if the record contains no evidence in support of the verdict or if the district court made a mistake of law." (citation and internal quotation marks omitted)); *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1192 (9th Cir. 2002) ("[W]e will not overrule a district court's ruling about the impact of counsel's alleged misconduct unless we have a definite and firm conviction that the court committed a clear error of judgment." (citation and internal quotation marks omitted)).

The district did not abuse its discretion in denying Stevenson's motion for sanctions because the record demonstrates that defendant's failure to produce documents was not intentional. *See Goodman*, 644 F.3d at 822.

**AFFIRMED.**